**In re PRESIDENTIAL REALTY, Debtor.**

**Bankruptcy No. 93–02201–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 18, 1994.

James C. Fetterman, Sarasota, FL, for debtor.

Sander Rikleen, Boston, MA, Roberta Colton, Tampa, FL, for Moors & Cabot, Inc.

R. John Cole, Sarasota, FL, for Roger Morris.

## ORDER ON MOTION TO DISQUALIFY COUNSEL

ALEXANDER L. PASKAY, Chief Judge.

THIS is a yet-to-be confirmed Chapter 11 case and the matter under consideration is a Motion to Disqualify James Fetterman (Fetterman) from representing Presidential Realty, Inc. (Debtor) as counsel of record in this Chapter 11 case. The Motion is filed by Moors & Cabot (Moors & Cabot), a creditor of the Debtor. In its Motion, Moors & Cabot contends that Fetterman should be disquali-

fied from representing the Debtor because Fetterman represents adverse interests to the Debtor. Specifically, Moors & Cabot alleges that Fetterman also represents Edmund Danzig, the principal of the Debtor, and Terra Ceia Ventures, Inc., (Terra Ceia), a related entity of the Debtor. According to Moors & Cabot, the Debtor made payments to Danzig within one year of the filing, and Danzig is a guarantor on obligations of the Debtor to third parties. In addition, Terra Ceia is a party to an Agreement with the Debtor, which, according to Moors & Cabot, Terra Ceia has breached. Based upon these allegations, Moors & Cabot contend that Danzig and Terra Ceia hold adverse interests to the Debtor, and by representing Danzig and Terra Ceia, Fetterman represents conflicting interests to the Debtor.

In opposition, Fetterman claims that he never represented Danzig or Terra Ceia, with the exception of appearing at a deposition on behalf of Danzig and Terra Ceia. In addition, Fetterman asserts that no actual conflict exists at this time, a point not conceded, and there will be no conflict if the claim of Moors & Cabot is disallowed.

§ 327 governs the employment of professional persons by a trustee or debtor-in-possession, and provides, in pertinent part, as follows:

§ 327. Employment of professional persons.

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

In the instant case, there is no doubt that the interests of the principal, Danzig, and a related entity, Terra Ceia, controlled by Danzig, are adverse to the interest of the Debtor. Certainly both Danzig and Terra Ceia could be named as defendants in an adversary proceeding of which the Debtor would have standing to pursue. The Debtor, if it chose could pursue a preference action, or fraudulent transfer action against Danzig for the recovery of payments made to him within the year preceding bankruptcy. Likewise, the Debtor could pursue an action for breach of contract against Terra Ceia. This alone establishes the adverse interests of Danzig and Terra Ceia as related to the Debtor. Moreover, Fetterman's stated opposition to the Motion misses the mark completely. Whether or not the claim of Moors & Cabot is allowed or disallowed has no relevance to the claimed conflict. If there is a conflict, in fact which appears to be the case, the Motion must be granted.

However, the only showing that Fetterman represents Danzig and Terra Ceia is a Motion for Protective Order filed on behalf of Danzig and Terra Ceia. Unfortunately, the Motion is unsigned, with the exception of the certificate of service, which is signed by Fetterman, and which certifies only that the Motion was served by mail on a certain list of parties. Based upon the foregoing, this Court is satisfied that this showing is insufficient to warrant the conclusion that Fetterman represents Danzig and Terra Ceia, and therefore, the Motion should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Disqualification of Debtor's Counsel is hereby denied, and the Order approving employment of Fetterman as counsel for the debtor is hereby affirmed.

DONE AND ORDERED.